UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

GENEVA FRANCE et. al.,

    Plaintiffs,

v.

LEE LUCAS et. al.,

    Defendants.

CASE NO. 1:07-cv-3519

JUDGE DONALD C. NUGENT

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANT LEE LUCAS' MOTION FOR LIMITED STAY OF PROCEEDINGS**

This case arises from the wrongful prosecution of five individuals for various drug related offenses. Specifically, the Plaintiffs in this action were indicted, and subsequently prosecuted, based upon the fabricated testimony of undercover informant Jerrell Bray. On November 9, 2007, Plaintiffs filed a Complaint in this Court alleging violations of their civil rights and seeking redress pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) and 42 U.S.C. §1983. On February 21, 2008, one of the named Defendants, DEA Agent Lee Lucas, filed a Motion for Limited Stay of Proceedings. Mr. Lucas' Motion fails to set forth the requisite special circumstances to justify a stay of the pending proceedings. Therefore, Mr. Lucas' Motion must be denied.

**I. Law and Argument**

A stay of proceedings is an "extraordinary" remedy, and will be granted only upon a showing of necessity and for the purpose of avoiding injustice. See <u>Sterling Nat. Bank v. A-1 Hotels Intern., Inc.,</u> 175 F.Supp. 2d 573, 576 (S.D.N.Y. 2001). As the Sixth Circuit has

recognized, a stay of proceedings "contemplates special circumstances and the need to avoid substantial and irreparable prejudice." United States v. Certain Real Property, 566 Hendrickson Blvd., Oakland Co., Mich., 986 F.2d 990, 997 (6th Cir. 1993) (citing United State v. Little Al, 712 F.2d 133, 136) (internal quotations omitted).  Moreover, the proponent of a stay bears the burden of establishing its need.  Clinton v. Jones, 520 U.S. 681 (1997) (citing Landis, 299 U.S. at 255).

Mr. Lucas characterizes his Motion as a request for a "limited stay."  In truth, Mr. Lucas has asked this Court to order a complete stay of all proceedings for an unspecified duration of time.  Mr. Lucas maintains, and Plaintiffs concede, that a district court has the authority to stay civil proceedings.  See Landis et al. v. North American Co., 299 U.S. 248, 254 (1936) (noting that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort, for itself, for counsel, and for litigants").  While a district court may, in its discretion, order a stay of proceedings under appropriate circumstances, a court abuses its discretion if it grants "a stay of indefinite duration in the absence of a pressing need." Id. at 254–55.  While Mr. Lucas puts forth several arguments in support of his request for a stay, careful review of relevant case law demonstrates that this Court should not grant his request.

**A. Judicial Economy is not Served by Staying the Present Action Pending a Determination of Plaintiffs' Administrative Claim.**

On November 7, 2007, Plaintiffs filed administrative claims against the United States under the Federal Tort Claims Act, which requires individuals bringing suit against the United States to exhaust their administrative remedies.  If Plaintiffs do not prevail on their administrative claims, they intend to add the United States as an additional defendant in the present case.  It is worth noting that, under 28 U.S.C. § 2675(a), a final disposition of the

administrative claims must occur within six months. Thus, the administrative claim must be resolved, one way or another, by May 7, 2008, which is nearly seven months prior to the discovery cut-off date in this case.

In his Motion, Mr. Lucas argues that Plaintiffs' pending administrative claims require a stay of proceedings. Mr. Lucas offers no authority in support of this proposition. The crux of Mr. Lucas' arguments seems to be that full and fair discovery cannot be had from and by all parties until a final determination is made as to whether the United States will be joined as a party. Given the number of litigants already involved in this case, Mr. Lucas' argument that this entire proceeding should be halted because the United States may be joined as a party at a later date makes no sense. Moreover, Mr. Lucas does not represent the United States, or its interests, and his alleged concern about potential prejudice to the United States if this case proceeds before it is joined is nothing more than a half-hearted attempt to buy himself time.

Notwithstanding Mr. Lucas' assertion to the contrary, the fact that there are pending administrative claims involving facts and circumstances similar to this case does not require a stay of proceedings pending the outcome of the administrative action. First, even without a stay, the administrative proceedings will be resolved well in advance of the conclusion of discovery in this case. Second, Mr. Lucas also seeks to stay these proceedings until determinations are made in administrative actions brought by other plaintiffs who are not parties in this litigation. This Court has already considered the impact of these other cases and concluded that these cases may proceed independently. (February 15, 2008 Order Denying Motion to Reassign Case). As such, the administrative claims filed by individuals unrelated to the current litigation have no bearing on the present action and cannot provide a justification for staying these proceedings.

**B. The Attorney General's Reconsideration of Mr. Lucas' Representation Status does not Justify a Stay of Proceedings.**

As additional support for his request for a stay, Mr. Lucas points to his own request that the Attorney General reconsider its decision denying him legal representation in the instant case. Mr. Lucas offers no authority for the proposition that clarification of his representation requires a stay of proceedings.

Mr. Lucas is currently represented by two fully competent attorneys. His exploration of other representation options, nearly four months after this suit was initiated, does not seem to constitute the kind of "special circumstances" which would require the "extraordinary" remedy of a stay of proceedings. As such, Mr. Lucas' request for stay on this basis is unwarranted.

**C. Speculative Fifth Amendment Concerns by an Unindicted Defendant Are Insufficient to Justify a Stay of Proceedings.**

In his Motion, Mr. Lucas alleges that there is an ongoing Department of Justice Investigation into Plaintiffs' arrests and prosecutions, but provides no evidence of such an investigation. More importantly, Mr. Lucas provides absolutely no evidence to suggest that he is a target of any current investigation. Nonetheless, Mr. Lucas argues that this alleged investigation somehow justifies a stay of these proceedings. Assuming, as Mr. Lucas encourages this Court to do, that the Department of Justice is conducting an investigation and that Mr. Lucas is a target of that investigation, still would not require a stay of these proceedings. Indeed, the existence of a parallel criminal investigation, of which details have not been provided, is insufficient to justify a stay of civil proceedings.

A court is not required to issue a stay of civil proceedings pending the outcome of parallel criminal prosecutions. In re Scrap Metal Litigation, 2002 WL 31988168, at *2 (N.D. Ohio Nov. 7, 2002). Moreover, "[t]he mere relationship between criminal and civil proceedings,

and the resulting prospect that discovery in the civil case could prejudice the criminal proceedings, does not establish the requisite good cause for a stay." Horn v. Dist. of Columbia, 210 F.R.D. 13, 15 (D.D.C. 2002). In his Motion, Mr. Lucas suggests that the mere possibility of a criminal prosecution requires an immediate and indefinite stay of a civil case premised upon the same or similar facts. Mr. Lucas' argument finds no support in relevant legal authority. To the contrary, the "[d]etermination of whether to grant a stay due to parallel criminal litigation involves balancing the interests of the plaintiff, the defendants, and the public." Chagolla v. City of Chicago, et al., 2008 U.S. Dist. Lexis 631, at *10 (N.D. Ill. Jan. 2, 2008).

In considering a request for a stay due to parallel criminal proceedings and balancing the competing interests at stake, courts should consider whether a party involved in both cases in under indictment, whether the Fifth Amendment is directly implicated, and what role the government plays in the cases. Liquid Resources of Ohio, LLC v. Lexxus Environmental, Ltd., 2007 WL 3001386, at *1 (N.D. Ohio Oct. 11, 2007). Additionally, when deciding whether a stay should be granted the court must consider the following five factors:

(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay;

(2) the burden which any particular aspect of the proceedings may impose on defendants;

(3) the convenience of the court in the management of its cases, and the efficient use of judicial resources;

(4) the interests of persons not parties to the civil litigation; and

(5) the interest of the public in the pending civil and criminal litigation."

Id. (citing Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902–03 (9th Cir. 1989) (internal citations and quotations omitted). Applying the test from Molinaro demonstrates that a stay is not warranted in this case.

*1. Pre-Indictment Status*

One factor to consider in determining whether to grant a stay due to a parallel criminal proceeding is the defendant's indictment status. Thus, "the strongest case for deferring civil proceeding until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Sec. & Exchange Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375–76. However, it is a much weaker case in cases, such as the instant case, in which no indictment has been returned. See United States, ex rel. Westrick v. Second Chance, et al., 2007 U.S. Dist. Lexis 23917, at *11 (citing Dresser, 628 F.2d at 1376; Molinaro, 889 F.2d at 903).

In fact, numerous courts have held that "[t]he pre-indictment status of the criminal investigation ***militates against*** entering a stay of all or a portion of the proceedings." Id. at *15; see also, United States v. District Council of New York City, 782 F.Supp. 920, 925 (S.D.N.Y. 1992) (mere possibility of criminal proceedings did not justify stay where defendants had not been indicted); Citibank, N.A. v. Hakim, 1993 U.S. Dist. LEXIS 16299, 1993 WL 481335 at *1 (S.D.N.Y. Nov. 18, 1993) (motion to stay could be denied on sole ground that indictment had not issued). Additionally, even in those cases in which an indictment has been handed down, courts have found unpersuasive defendants' arguments that the exercise of their Fifth Amendment rights would be prejudiced. Id.

In this case, Mr. Lucas has not been indicted. In fact, no evidence has been presented to this Court that would indicate Mr. Lucas, himself, is being investigated. Mr. Lucas has simply

6

made a blanket assertion that his privilege against self-incrimination is implicated, which is an inadequate basis for issuance of a stay. *Barry Farm Resident Council, Inc. v. U.S. Dept. of Navy*, 1997 U.S. Dist. Lexis 2754 at *3. As a result, this factor weighs heavily against granting a stay.

*2. Government's Role in Litigation*

In circumstances where the government could use the civil proceedings to obtain information for use in a criminal prosecution, the need for stay of the civil proceedings is increased. To that end, courts have acknowledges that a stay may be necessary if the government is using the civil case "to escalate the pressure on defendants by manipulating simultaneous civil and criminal proceedings, both of which it controls." Sterling, 175 F.Supp. 2d at 578-79; see also Hakim, 1993 WL 481335 at *1 (potential for prejudice to defendant is diminished where a private party, rather than the government, is the plaintiff in the civil action). In this case, the government is a co-defendant in the civil action. Therefore, there is no danger the government will gain an unfair advantage from the on-going civil action.

*3. Plaintiffs' Interests*

There can be no doubt that the interests of the plaintiff are substantially affected by the decision to grant a defendant's request to stay proceedings. As a result, it is the general rule that "absent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff[s] should be delayed in [their] efforts to diligently proceed to sustain [their] claim." Hicks v. City of New York, 268 F.Supp 2d 238, 241 (E.D.N.Y. 2003). This rule is intended to protect a plaintiff's significant interest in proceeding expeditiously to avoid problems with witness availability and memory loss. Hakim, 1993 WL 481335 at *1

Granting a stay until all Mr. Lucas' Fifth Amendment concerns are resolved, which would likely be a substantial amount of time, is highly prejudicial to Plaintiffs. A criminal

defendant's Fifth Amendment privilege against self-incrimination attaches until the defendant's "sentence has been fixed and the judgment of conviction has become final." Mitchell v. United States, 526 U.S. 314, 326 (1999). Hence, Plaintiffs would be forced to wait for an indictment, which may never come, and then wait until Mr. Lucas, if found guilty, completely exhausts his available appeals. See Birge, 2005 U.S. Dist. Lexis 36835, at *10–11 (citing Sterling, 175 F.Supp. 2d at 577 n.2). A stay for such a long and indefinite period is disfavored. See In re Scrap Metal Litigation, 2002 WL 31988168, at *6. As such, this factor also weighs against granting the motion for stay.

*4. Defendant's Interest and Burdens*

Mr. Lucas would enjoy the privilege against self-incrimination in any potential criminal proceedings, but he "has no absolute right to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Keating v. Office of Thrift Supervision, 45 F.3d 322, 326 (9th Cir. 1995). Moreover, Mr. Lucas has not been indicted, which significantly undercuts his alleged Fifth Amendment concerns. Dresser, 628 F.2d at 1376 (Fifth Amendment privilege not implicated where no indictments had been returned); District Council of New York City, 782 F.Supp.at 925 ("unpleasant choice" between asserting right against self-incrimination and facing liability does not constitute undue prejudice to a defendant). Again, this factor weighs in against granting the stay.

*5. Public Interest*

This case presents significant issues regarding the reliability and fairness of the criminal justice system. In order to restore public confidence, it is essential that this case is resolved fairly and expeditiously. Moreover, "the interest of the public, both financial and otherwise, are served by the expeditious resolution of this matter." Republic Credit Corp. I v. Autorino, 2001

8

U.S. Dist. Lexis 14333, at *3 (D. Conn. June 1, 2001).  Thus, this factor also weighs against issuance of a stay.

## II. Conclusion

Plaintiffs in this case have been denied justice for far too long and this Court should not permit Mr. Lucas to abuse the procedural rules in order to further delay their long awaited day in court.  As the foregoing discussion demonstrates, Mr. Lucas has no legal authority to support his alleged entitlement to a stay of these proceedings.  In fact, the clear legal precedent favors denial of the requested stay.  While Mr. Lucas is understandably hesitant to appear at deposition and answer Plaintiffs' questions, his fear of exposure is insufficient justification for a stay of proceedings.  Thus, Plaintiffs' respectfully request that this Court deny Mr. Lucas' Motion for Limited Stay of Proceedings.  In the event Mr. Lucas' Motion is not denied in its entirety, Plaintiffs respectfully request that any stay be limited to a stay of the deposition of Mr. Lucas.

Respectfully submitted,

s/James D. Owen
JAMES D. OWEN (0003525)
5354 North High Street
Columbus, Ohio 43214
(614) 436-3245
(614) 436-6788 (fax)
jdo@jowenlaw.com
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 6, 2008, the foregoing Memorandum in Opposition was electronically filed with the Clerk of Courts in CM/ECF system, which will distribute the notice to all parties and counsel of record. The following unrepresented parties and interested entities were served by ordinary U.S. Mail at:

Jerrell Bray
c/o McLaughin & McCaffrey
1110 Superior Avenue
East Cleveland, OH 44114

                                                                     s/James D. Owen
                                                                      JAMES D. OWEN